42 B.R. 106 (1984)
In the Matter of Darnell MUGABE a/k/a Darnell Glover, Debtor.
COMMONWEALTH MORTGAGE CORPORATION, Movant,
v.
Darnell MUGABE a/k/a Darnell Glover, Respondent.
Bankruptcy No. 83-02537A.
United States Bankruptcy Court, N.D. Georgia.
July 17, 1984.
*107 Thomas E. Prior, McCalla, Raymer, Padrick, Cobb & Nichols, Atlanta, Ga., for movant.
Jacqueline Bennett, Atlanta, Ga., for respondent.

ORDER TERMINATING STAY
WILLIAM L. NORTON, Jr., Bankruptcy Judge.
The above styled motion for relief from stay having come on regularly for hearing on December 8, 1983 at 11:00 a.m., and it appearing that movant is entitled to the relief sought;
IT IS HEREBY ORDERED that the motion seeking relief from stay of proceedings be, and the same is hereby, GRANTED; and,
FURTHER ORDERED, that the movant is relieved of the restraining effects of § 362(a) of Title 11 U.S.C. enacted by the Bankruptcy Reform Act of 1978, and all orders of this court in this case with respect to the exercise of the movant's rights under the Deed to Secure Debt held by it and secured by certain real property belonging to the debtor.
This case shall not be dismissed by the Clerk of Court prior to 90 days from this date to permit foreclosure proceeding during which time the order for relief from stay in this contested matter proceeding shall apply to debtor and this real property. This order is res judicata as to this debtor, creditor and real property in any future case filed by his debtor until a showing is made by proper motion and proof that this order should be modified.
In view of the prior history of the debtor showing an inability to perform under a Chapter 13 plan and to pay this mortgage creditor the post-petition monthly payments as they become due, it shall be presumed that a dismissal of this Chapter 13 case by the debtor before the date of foreclosure and an immediate filing of another title 11 petition prior to foreclosure date would be for the sole purpose of obtaining a new automatic stay and thwarting foreclosure of debtor's residence and not for the good faith filing of a plan and paying this creditor the post-petition arrearage which has accrued during the pendency of this case.
Therefore, under authority of 11 U.S.C. § 105(a), the court herewith issues a stay to enjoin the debtor from taking any action to obtain a new automatic stay, including filing of any Title 11 petition, without first filing a motion to this court in this contested matter proceeding and, after a hearing, to obtain a modification of this order herein entered to terminate the stay.
In any such motion to modify this order and to obtain a new stay in a new case, the court requires a showing that the debtor has sufficient financial resources to cure the deficiency that has caused lifting of the stay in this case. Such motion shall be accompanied by an affidavit and budget showing a significantly changed financial capacity of the debtor to cure the pre-petition arrearage within a reasonable period and to satisfy § 1325(a) confirmation standards and otherwise comply with any proposed plan including the payment of future monthly payments to this mortgagee.
BE IT FURTHER ORDERED that in the event a sale under power is conducted, the movant shall report the results thereof to this court, and pay over any excess funds of and from said sale to the Trustee.
NOTWITHSTANDING any provision of this order to the contrary, the debtor may reinstate the automatic stay and thereby prevent foreclosure by paying to the movant all post-petition mortgage payments due through the date of payment and pay to the trustee all amounts due under the Chapter 13 plan. If such payments are made prior to the foreclosure date and sufficient proof is provided to movant's counsel, *108 the automatic stay will be immediately reinstated without further order of this court.